## LYDIA KING v. SAMUEL J. COLE & another.

Where an indefinite estate in land is given by a will, the imposition of the payment of a legacy upon the devisee, or of an annual charge upon him, or upon his estate, for a term which may endure longer than his life, will enlarge his estate into a fee, without regard to the disparity between the amount of the legacy or charge and the annual value of the land.

When a testator gives, indefinitely, a home in the homestead with sufficient firewood fit for use, to such of his daughters as shall remain unmarried at the death of their mother, who is also provided for by his will out of the homestead farm, the court will not supply words limiting their right to the period that they shall remain unmarried; there being nothing more to show that the testator intended to use words thus limiting it.

THIS was an action of trespass and ejectment, — the declaration containing two counts.

The *first* count averred an ouster, and sought to recover the possession, of a tenement in Warwick, being a portion of the real estate of which the plaintiff's father, Ephraim Arnold, died seised, consisting of the south-east front chamber, and the bed-room north of, and leading out of, said front chamber; of the north-east garret room and of the cellar under the front entry in the dwelling-house of said Ephraim, together with the right and privilege appurtenant thereto, to use the front and back stairs, and to use the well, the outbuildings, and the yard, attached to said dwelling-house.

The *second* count averred the plaintiff's ouster of an undivided tenth part of the homestead farm of her father, the said Ephraim Arnold, and claimed that she should be reinstated therein.

The case was submitted to the court at this term under the general issue, upon an agreed statement of facts, by which it appeared, that the plaintiff's father, the said Ephraim Arnold, died October 31, 1822, leaving a last will and testament, in which he says, amongst other things:

" And such outward property or worldly estate as it has

pleased God to bless me with in this life, I give, devise, be-
queath, and dispose of the same, in manner and form following,
viz.: " —

"*Item.* I give and bequeath to my beloved wife, Waity Ar-
nold, one third part of my indoor movables that shall remain
after payment of debts and expenses. I also give to my said
wife one third part of my real estate, to have the privilege to
improve the same so long as she shall remain my widow.

"*Item.* I give and devise my homestead farm and thatch lot
to my four sons, namely, James Bentley Arnold, William B. Ar-
nold, Simeon Arnold, Alven Sanger Arnold, to be equally
divided, on this condition, that my said son Simeon Arnold pay
as a legacy the sum of seventy-five dollars, to be equally di-
vided amongst his five sisters, Hannah, Freelove, Mary Anne,
Lydia, and Rebecca ; Simeon Arnold paying the above legacy
in cash is to be entitled to an equal share with his other broth-
ers, and not otherwise. "I also give to my son James B. Ar-
nold my clock.

"*Item.* I also order my executor to take especial care that
my five daughters all have an equal fitting out in furniture,
as near as may be : the youngest to be made equal to the
older, out of the money I have in Cranston and Pawtuxet
Banks. I hold twenty-five shares in Cranston, equal to five
hundred dollars. I also hold in Pawtuxet Bank fifteen shares,
eighteen dollars paid on a share. If any money should be left
after purchasing furniture, the same to be equally divided
amongst the five daughters. If any of my daughters should
remain single or unmarried at the decease of their mother, my
will is, that they shall have convenient room in my house to
occupy as a home, and that firewood sufficient for comfort be
furnished them convenient for use ; my will is that my four sons
furnish the same equally. I also give to my wife one cow, and
the same to be wintered and summered ; and that said cow be
delivered her for use when she thinks convenient, and that she
be furnished with firewood cut convenient."

The testator's wife survived him, and died May 5th, 1841.
His sons are all living, with the exception of Simeon, who died
January 27, 1835, leaving issue, and who, in his lifetime, paid

the seventy-five dollars to his sisters, as required by his father's will; all the testator's daughters married before the death of their mother except Lydia, the plaintiff, who married Henry King, December 24, 1857, and by his death in 1859 became a widow.

The defendant, Samuel J. Cole, holds by conveyance all the title of the four sons of Ephraim Arnold to said real estate which they derived under the will of said Ephraim, the other defendant, his son being in possession of said real estate with him. The earliest of Cole's deeds to the estate reserves to the daughters of Ephraim Arnold " all their right, if any they have, which was given to them in said premises by their father Ephraim Arnold, deceased, in his last will and testament;" and the other deed contains the following reservation : " It is also reserved that Lydia Arnold," (the plaintiff,) " is to retain and have all the rights in said house and farm secured to her by the will of Ephraim Arnold." Before the purchase of the premises by the defendant, Samuel J. Cole, his grantors had united with the plaintiff, then unmarried, in a written agreement of reference to three referees, to set off and award to her such portion of the dwelling-house and messuage upon said farm as she was entitled to by the will of her father, and said referees reported in writing, awarding and setting off to her, as her portion of said dwelling-house, &c. the rooms and premises described and claimed in the first count of her declaration. Upon such award, the plaintiff entered upon and took possession of said rooms and premises, and was in the actual and exclusive possession of the same at the time of the purchase of the defendant, Samuel J. Cole ; and the said defendant, for some time after his purchase, furnished the plaintiff, or in part furnished her, with firewood, as provided in said will, as his grantors had done before him.

Upon the marriage of the plaintiff with Henry King, in 1857, the plaintiff took up her permanent residence at his house in Cranston, but retained, and has always retained, and does still retain, the keys of said rooms ; but both defendants, before the bringing of this suit, refused to allow her to enter the house or to have access to said rooms, except as stated below, though

she has requested and demanded to be allowed so to do since the death of her husband. Soon after, however, after the marriage of the plaintiff, the defendants, or one of them, gave to her and to her husband a notice in writing that her right to said rooms had ceased upon her marriage, and requested her to remove her things, and offered to her access to said rooms for that purpose.

*James H. Tillinghast,* for the plaintiff.

*Randall & Wm. H. Potter,* for the defendants.

AMES, C. J. The scheme of this will is quite apparent : to give a third of the real estate of the testator, consisting of the homestead farm and a thatch lot, to his wife during widowhood, — to divide the remainder in fee amongst his sons, — to provide for his daughters with his money in bank, — and if any of them survived their mother unmarried, to give them a home and sufficient fuel at the homestead as a charge upon his sons, or upon their estates. The will itself, in its prefatory clause, professes to dispose of the whole estate of the testator ; and this, though not enough to enlarge the estates of the sons, left indefinite, to a fee, against the settled meaning of the special devise to them, affords a sufficient key to the intent of the testator.

In conformity, however, to the technical rules of law appropriate to the construction of wills, this intent can well be carried out, in consequence of the condition imposed upon Simeon to pay as a legacy seventy-five dollars, to be divided between his five sisters, and of the annual charge upon the estates of all the brothers, of a home for their unmarried sisters who might survive their mother, and of sufficient firewood for such sisters and their mother. It has been long settled, that where a devisee, whose estate, as in this case, is undefined, is directed to pay a specific sum in gross, he takes an estate in fee, on the ground, that if he took an estate for life only, he might be damnified by the determination of his interest before reimbursement of his expenditure ; and that the disparity of the sum imposed, to the value of the land, does not prevent the enlargement of the estate. 2 Jarman on Wills, 171, 172, and cases cited.

Under this rule Simeon certainly took an estate in fee ; and the testator plainly declares, that there was to be, after this pay-

ment, entire equality between him and his brothers. But if this were doubtful, the same principle applies to annual charges, whether upon real estate, or to be paid by the devisees, like the firewood to be furnished by the sons to their mother and unmarried sisters, which enduring for the widowhood of the former, and for the lives of the latter so entitled, might endure beyond the lives of the sons, if their estates were not thereby enlarged to a fee. Ib. 173, 174, and cases cited. In this view of the will of her father, the plaintiff is not entitled to recover under the second count of her declaration.

We do not see, however, upon what pretence the plaintiff's claim under the first count of her declaration can be resisted, coupling her right in the homestead under the will of her father, with the subsequent partition by which this right was ascertained and set off to her in severalty. We might, indeed, conjecture that the intent of the testator would be fulfilled by holding that this right, which was to accrue to the plaintiff upon her surviving her mother as a single woman, was to cease upon her marriage; but, as the testator has not chosen thus to limit it, but has left it indefinite and thus for life, we do not feel at liberty to supply such words of limitation, since we cannot say that the testator intended to use them. The plaintiff must therefore have judgment upon the first count of her declaration.